UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEON STANTON | ) | CASE NO.  1:12-CV-1218 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| | ) | MAGISTRATE JUDGE |
| | ) | KENNETH S. McHARGH |
| v. | ) | |
| | ) | |
| COUNTRYWIDE HOME | ) | **REPORT & RECOMMENDATION** |
| LOANS, INC., *et al* | ) | |
| | ) | |
| Defendant. | ) | |

On April 4, 2012, Plaintiff Leon Stanton ("Plaintiff"), *pro se*, filed a complaint against Defendant Countrywide Home Loans, Inc., Defendant Mortgage Electronic Registration Systems, Inc., and Defendant The Bank of New York Mellon (herein collectively referred to as "Defendants") in Cuyahoga County Common Pleas Court.  (Doc. 1, Ex. 1, the "Complaint").  On May 16, 2012, Defendants removed the action to this Court.  (Doc. 1).  Now pending before the Court is Defendants' Motion To Dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed on June 22, 2012.  (Doc. 8).

Seeing that Plaintiff had not timely opposed Defendants' motion, on August 16, 2012, out of an abundance of caution noting Plaintiff was proceeding *pro se*, the undersigned extended Plaintiff's time in which to oppose the motion, ordering Plaintiff to file its opposition by no later than August 27, 2012.  (Doc. 11).  The undersigned also warned Plaintiff that failure to comply with the order would result in the Court reviewing Defendants' motion without the benefit of opposition.  *Id*.  Nevertheless, to date, Plaintiff has not opposed Defendants' motion. Accordingly, the Court finds the motion is ripe for review.

For the reasons set forth below, the undersigned recommends that Defendants' motion be **GRANTED**.

## I. BACKGROUND

On or around February 23, 2005, Plaintiff executed a promissory note in favor of Defendant Countrywide Home Loans, Inc. for the principal amount of $291,000.00 plus interest (the "Note").  (Doc. 8, Ex. 1).  On the same date, Plaintiff and Hildegarde Kirkland, Plaintiff's wife, also executed a mortgage on the property located at 329 Danbury Lane in Richmond Heights, Ohio (the "Mortgage").  (Doc. 8, Ex. 2).  The Mortgage defined Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as the mortgagee and as a nominee for the lender and its successors and assigns.  *Id*.  Defendants allege, Defendant The Bank of New York Mellon ("BONY"), is the current servicer of Plaintiff's loan.  Plaintiff does not appear to dispute this claim as it is consistent with the allegations contained in the Complaint.  (*See* Compl. at ¶ 2).

Plaintiff's Complaint contains two counts and requests the Court to enter declaratory judgment deeming the Mortgage and Note void and unenforceable.  The first count avers BONY is no longer the holder in due course of the Mortgage or Note because it transferred its ownership to a securitized mortgage loan trust.  (*Id*. at ¶¶ 3-4).  Plaintiff contends this transfer was contrary to the terms and conditions of the applicable pooling and servicing agreement, as well as contrary to New York trust law.  (*Id*. at ¶ 5).  Additionally, Plaintiff maintains that despite this transfer, BONY has continued to demand and receive payments from Plaintiff, and thereby has been unjustly enriched.  (*Id*. at ¶¶ 6, 8).  Although portions of the second count of the Complaint are uncognizable, Plaintiff appears to generally claim that MERS, without proper authority, executed assignments of the Mortgage and directed Plaintiff to remit payments to BONY.  (*Id*. at ¶¶ 10-15).  Wherefore, Plaintiff seeks to have the Note and Mortgage deemed invalid.

## II. LAW & ANALYSIS

### A. Standard of Review for 12(b)(6) Motion

Under the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that fails to satisfy this requirement is subject to dismissal under Fed. R. Civ. P. 12(b)(6). Previously, the standard for a motion to dismiss for failure to state a claim upon which relief can be granted was that the motion establish, beyond a reasonable doubt, that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Wright v. Metrohealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995), *cert. denied*, 516 U.S. 1158 (1996). However, in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007), a case involving complex antitrust litigation, the Supreme Court modified the standard, particularly the "no set of facts" phrasing.

The Court's ruling in *Twombly* abrogated *Conley*, and moved away from the pure notice pleading standards that had previously been a hallmark of the Civil Rules. *See, e.g., Twombly*, 550 U.S. at 572-88 (Stevens, J., dissenting); *see also Frost v. Boyle*, No. 1:06-CV-2649, 2008 WL 650323, at *8 (N.D.Ohio Mar. 5, 2008) (Oliver, J.) (*Twombly* abrogated *Conley* standard). Instead, the Court emphasized that the plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. The Court further commented that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), the Court clarified that the new *Twombly* standard was not intended to be limited only to complicated litigation. The Court summarized the new "plausibility" standard by stating:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, *supra*, 129 S.Ct. at 1949 (*citing Twombly*, 550 U.S. at 557). Thus, when ruling on a motion to dismiss, a court must now analyze the plaintiff's complaint on a possibility-plausibility-probability continuum. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (*citing Twombly*, 550 U.S. at 555).

A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *Miller v. Curie*, 50 F.3d 373, 377 (6th Cir. 1995). "All of the allegations contained in the plaintiff's complaint are accepted as true, and the complaint is construed liberally in favor of the party opposing the motion." *Id.* (*citing Mertik v. Blalock*, 983 F.2d 1353, 1356 (6th Cir. 1993)). However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 129 S.Ct. at 1950 (*quoting Twombly*, 550 U.S. at 555).

### B. Matters Outside the Pleadings

Pursuant to Federal Rules of Civil Procedure, "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Accordingly, when ruling on a motion to dismiss, a court may not consider evidence outside of the pleadings, *Rondigo, L.L.C. v. Twp of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (*citing Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010)), but, the court may consider other

evidence appearing in the record if that evidence is "mentioned in the complaint and is central to the claims contained therein." *Id.* at 680-81 (*quoting Bassett v. Nat'l Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir.2008)*). The court may also consider documents that are public records without converting the motion to dismiss into a motion for summary judgment. *New England Health Care Employees Pension Fund v. Ernst & Young, LLP, 336 F.3d 495, 501 (6th Cir. 2003)*.

Defendant attached a copy of the Note and Mortgage to its motion. These exhibits were also attached to the Complaint, although not specifically listed as exhibits, and are central to Plaintiff's claims. In addition, Plaintiff specifically referenced the Mortgage in paragraph one of the Complaint. Therefore, it is proper for the undersigned to consider the Mortgage in its evaluation of the pending motion. *See Rondigo, 641 F.3d at 680-81*. Likewise, the Note may properly be considered as it was also attached to the Complaint and repeatedly referenced by Plaintiff in the Complaint. *See id.*

### C. Deficiencies of Complaint

The allegations set forth in the Complaint are based upon actions allegedly taken by Defendants BONY and MERS. Both counts of the Complaint are subject to dismissal. Count one of the Complaint avers BONY is not entitled to demand or receive payments from Plaintiff because it transferred ownership of the Note and Mortgage in violation of a pooling and servicing agreement ("PSA") and New York trust law. The undersigned notes that the PSA in question is not before the Court because it was not attached to the Complaint as an exhibit, nor submitted by Defendants in support of the instant motion. Nevertheless, Plaintiff lacks standing to challenge any transfer made pursuant to a pooling and servicing agreement. *See In re Smoak, 461 B.R. 510, 519 (Bankr. S.D.Ohio 2011)*. "[A] pooling and servicing agreement is an

agreement creating a trust that defines the terms under which promissory notes and their related mortgages are placed into the trust, describe[ing] how the notes and mortgages and related loan documents are transferred by and between the parties to the trust, and set[ing] forth the various responsibilities of the parties to the trust." *Id.* at 516.  The Complaint does not allege that Plaintiff is a party or third-party beneficiary to the PSA in question.  In order to challenge assignments made pursuant to a pooling and servicing agreement, Plaintiff would have had to allege that he was a party or third-party beneficiary to such an agreement. *See id.* at 519 (*citing In re Almeida*, 417 B.R. 140, 149, n. 4 (Bankr. D.Mass. 2009) (finding "debtors, as makers of the notes, were not parties or third-party beneficiaries to the pooling and servicing agreement and, therefore lacked standing")).  Here, Plaintiff has not shown how he, as the maker of the Note, is entitled to challenge any fraudulent assignment under the PSA.  Accordingly, Plaintiff does not have standing to do so. *See id; see also Livonia Property Holdings, L.L.C. v. 12840-12974 Farmington Road Holdings, L.L.C.*, 717 F.Supp.2d 724, 747-48 (E.D.Mich. 2010).

Plaintiff also lacks standing to contest the validity of the transfer under New York trust laws.  Section 16 of the Mortgage indicates the instrument is governed by "federal law and the law of the jurisdiction in which the Property is located."  (Doc. 8, Ex. 2 at p. 14).  The herein property is located in Richmond Heights, Ohio.  Accordingly, federal law and Ohio law govern the terms of the Mortgage.  Thus, any claim that Defendants violated New York law with respect to the Mortgage is unfounded.  However, on the other hand, even if New York law governs the PSA, pursuant to the Ohio Uniform Commercial Code, Ohio law would nonetheless control questions of standing and the real party in interest to the Note and Mortgage. *In re Smoak*, 461 B.R. at 522, n. 13.

Because Plaintiff has no grounds to contest the transfers to BONY, the Complaint also fails to state a claim for unjust enrichment.  Under Ohio law, to maintain an action for unjust enrichment, the plaintiff must allege: (1) it conferred a benefit upon the defendant; (2) the defendant had knowledge of the benefit; and (3) it would be unjust for the defendant to retain the benefit without payment.  *Telephone Mgmt. Corp. v. Goodyear Tire & Rubber Co.*, 32 F.Supp.2d 960, 972 (N.D.Ohio 1998) (*citing R.J. Wildner Contracting Co., Inc. v. Ohio Turnpike Comm'n*, 913 F.Supp. 1031, 1042 (N.D.Ohio 1996) and *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183, 465 N.E.2d 1298 (1984)).  The Complaint fails to allege why it would be unjust for BONY to demand or retain payments from Plaintiff.  Though Defendants did not move for dismissal on this grounds, "the district court may dismiss an action *sua sponte* if the complaint is so 'implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion' as to deprive the court of jurisdiction." *McNeil v. Medcentral Health Sys.*, No. 1:10-cv-2338, 2010 WL 4860359, at *1 (N.D.Ohio Nov. 23, 2010) (Nugent, J.) (*citing Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)).

The second count of the Complaint, asserting MERS performed improper assignments of the Note and/or Mortgage, is also deficient.  This Court recently explained the role of MERS:

> MERS is an electronic mortgage registration system and clearinghouse that tracks beneficial ownership interests in, and servicing rights to, mortgage loans.  "When a home is purchased, the lender obtains from the borrower a promissory note and a mortgage instrument naming MERS as the mortgagee (as nominee for the lender and its successors and assigns).  In the mortgage, the borrower assigns his right, title, and interest in the property to MERS, and the mortgage instrument is then recorded in the local land records with MERS as the named mortgagee.  When the promissory note is sold (and possibly re-sold) in the secondary mortgage market, the MERS database tracks that transfer.  As long as the parties involved in the sale are MERS members, MERS remains the mortgagee of record (thereby avoiding recording and other transfer fees that are otherwise associated with the sale) and continues to act as an agent for the new owner of the promissory note."

7

*Long v. Mortgage Elec. Registration Sys., Inc.*, No. 1:10-CV-2854, 2011 WL 304826, at *2 (N.D.Ohio Jan. 28, 2011) (Boyko, J.) (*quoting In re: Mortgage Elec. Registration Sys. (MERS) Litigation*, 659 F.Supp.2d 1368, 1370 (U.S.Jud.Pan.Mult.Lit., 2009)).

Plaintiff's Mortgage included language naming MERS as the mortgagee and nominee for the lender.  On page three of the Mortgage, under the heading "Transfer Of Rights In The Property", Plaintiff conveyed his rights in the property to MERS.  (Doc. 8, Ex. 2 at p. 5).  Under Ohio law, it is well-established that "MERS, acting as mortgagee and nominee for the lender, may transfer the lender's interest in the mortgage."  *Id.* (citations omitted).  Consequently, Count two of the Complaint is moot.

## III.  CONCLUSION

For the foregoing reasons, the Magistrate Judge recommends that Defendants' Motion to Dismiss, (Doc. 8), be **GRANTED**.

s/ Kenneth S. McHargh
Kenneth S. McHargh
United States Magistrate Judge

Date:  October 18, 2012.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of mailing of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).