NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEON STANTON, | ) | CASE NO. 1:12CV1218 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| vs. | ) | |
| | ) | |
| | ) | MEMORANDUM OPINION |
| COUNTRYWIDE HOME LOANS, INC., | ) | AND ORDER |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Kenneth S. McHargh. The Report and Recommendation, (ECF #12), submitted on October 18, 2012, recommends that Defendants' Motion to Dismiss the Complaint under Rule 12(b)(6) (ECF #8) be granted. For the reasons stated herein, the Report and Recommendation is ADOPTED by this Court.

On or about February 23, 2005, Plaintiff Leon Stanton executed a promissory note in the principal amount of $291,000.00 (the "Note") in favor of Defendant Countrywide Home Loans ("CHL"). To secure the Note, Plaintiff also executed, on or about February 23, 2005, a mortgage (the "Mortgage") on the real property located at 329 Danbury Lane, Richmond Heights, Ohio 44143 (the "Property"). The mortgage lists Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as the mortgagee, in its capacity as nominee for the lender and the lender's successors and assigns. Bank of the New York Mellon ("BONY") currently services Plaintiff's loan.

On April 4, 2012, Plaintiff filed a Complaint in the Cuyahoga County Court of Common Pleas, which was removed to this Court on April 16, 2012. The Complaint seeks declaratory judgment that the Note and Mortgage are void and unenforceable. In the first count, Plaintiff alleges that, as a result of a securitization of the Note and Mortgage, Defendant BONY is not the "holder in due course" of the Note or Mortgage. The second count alleges that Defendant MERS did not have authority to take any actions with respect to the Note.

Defendants CHL, MERS, and BONY filed a Motion to Dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) on June 22, 2012. This case was referred to Magistrate Judge McHargh on July 18, 2012 for general pretrial supervision.

Plaintiff failed to timely oppose Defendants' Motion to Dismiss. On August 16, 2012, out of an abundance of caution, and noting that Plaintiff was proceeding *pro se*, Magistrate Judge McHargh extended Plaintiff's time in which to oppose the motion, ordering Plaintiff to file its opposition by no later than August 27, 2012. Magistrate Judge McHargh also warned Plaintiff that failure to comply with the order would result in the Court reviewing Defendants' motion without the benefit of opposition. Nevertheless, Plaintiff failed to oppose Defendants' Motion.

The Magistrate Judge entered the Report and Recommendation on October 18, 2012. Among other things, Magistrate Judge McHargh concluded that Plaintiff lacks standing to assert the first count of the Complaint, and that the second count is moot.

Plaintiff failed to timely file objections to the Report and Recommendation. Thus, the Report and Recommendation is ripe for review.

The Court has reviewed the Report and Recommendation of the instant case *de novo*. *See*

2

*Delgado v. Bowen*, 782 F.2d 79 (7th Cir. 1986). The Court has also considered all of the pleadings, motions, and filings of the parties. The Court finds Magistrate Judge McHargh's Report and Recommendation to be well-reasoned and correct. Thus, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge as its own. Magistrate Judge McHargh correctly determined that Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted.

Therefore, the Report and Recommendation (Document #12) of the Magistrate Judge is hereby ADOPTED. Plaintiff's Complaint is DISMISSED.

**IT IS SO ORDERED.**

_____
**DONALD C. NUGENT**
**UNITED STATES DISTRICT JUDGE**

DATED: _February 27, 2013_